UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL KRZEMINSKI,
DAVID DURMAJ,

                    *Plaintiffs*,

-against-                      **COMPLAINT AND JURY DEMAND**

The CITY OF BUFFALO,
JAKO MONDAL, individually and in his official capacity as City of Buffalo Police Officer,
JOSHUA CRAIG, a/k/a JOSEPH CRAIG, individually and in his official capacity as a City of Buffalo Police Officer, and
MARK CYREK, individually and in his official capacity as a City of Buffalo Police Lieutenant, and
PAUL ROBERTS, individually and in his official capacity as a City of Buffalo Police Officer.

                    *Defendants*.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs MICHAEL KRZEMINSKI and DAVID DURMAJ, hereby demand a jury trial of all issues so triable.

## I. INTRODUCTION

1. This is an action seeking monetary damages, to redress illegal conduct by the defendants, who deprived the plaintiff of various rights and privileges secured by the Constitution and laws of the United States, specifically the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983.

## II. JURISDICTION

2. This action seeks to enforce rights guaranteed by the Constitution and laws of the United States and is brought pursuant to 42 US.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). The substantive federal claims are brought pursuant to 42 U.S.C. §1983.

3. Venue is proper in the Western District of New York, under 28 U.S.C. §1391(b), because all parties reside in this District and because all of the events or omissions giving rise to the claims occurred within this District.

4. Joinder of plaintiffs is based on Federal Rule of Civil Procedure 20(a).

## III. PARTIES

5. Plaintiff MICHAEL KRZEMINSKI is, and at all times hereinafter mentioned was a resident of the City of Buffalo, County of Erie and State of New York.

6. Plaintiff DAVID DURMAJ is, and at all times hereinafter mentioned was a resident of the City of Lackawanna, County of Erie and State of New York.

7. The defendant CITY OF BUFFALO is a municipal corporation operating under the laws of the State of New York with offices in Buffalo, New York.

8. The defendant JAKO MONDAL was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

9. On information and belief, he resides in the City of Buffalo, County of Erie and is sued individually and in his official capacity as a police officer.

10. Officer Mondal was, according to police records, the officer in charge of the case and he "investigated and placed [MICHAEL KRZEMINSKI] under arrest."

11. The defendant JOSHUA CRAIG, a/k/a JOSEPH CRAIG was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

12. On information and belief, he resides in West Seneca, New York, County of Erie and is sued individually and in his official capacity as a police officer.

13. Officer Craig, according to police records, "assisted in investigation and arrest [of MICHAEL KRZEMINSKI]" and "apprehended defendant."

14. The defendant MARK CYREK was at all times herein employed by the CITY OF BUFFALO Police Department as a police lieutenant.

15. He resides in the Town of Cheektowaga, Erie County and is sued individually and in his official capacity as a police officer.

16. Lieutenant Cyrek, according to police records, "supervised in the investigation and arrest [of MICHAEL KRZEMINSKI]."

17. The defendant PAUL ROBERTS was at all times herein employed by the CITY OF BUFFALO Police Department as a police officer.

18. On information and belief, he resides in Orchard Park, Erie County and is sued individually and in his official capacity as a police officer.

19. Officer Roberts, according to police records, "assisted in investigation and arrest [of MICHAEL KRZEMINSKI]" and "received statement from the victim."

20. At all times herein, the individual defendants were acting within the scope of their employment.

21. At all times herein, the individual defendants were acting under color of state law.

## IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL

## CAUSES OF ACTION

22. On or about March 22, 2014, the plaintiffs MICHAEL KREMINSKI and DAVID DURMAJ were present at Mr. Krzeminski's home at 36 Leamington Place, Buffalo, New York.

23. Also present were "Jane Doe", a friend of Mr. Krzeminski who resided in the upstairs apartment and Mr. Krzeminski's nephew.

24. The complaint does not use Jane Doe's real name out of concern for various state law confidentiality rules concerning domestic violence, however, that information will be disclosed to defendants' counsel.

25. At that time and place, Jane Doe and Mr. Krzeminski had a discussion about Ms. Doe's drinking.

26. Mr. Krzeminski believed that Ms. Doe had become intoxicated and stopped serving her vodka.

27. He did not hit or strike or grab Ms. Doe in any way.

28. Ms. Doe became upset and called 911 but hung up before saying anything.

29. The defendant police officers arrived at about 12:20 a.m. on March 22, 2017.

30. Mr. Krzeminski answered the door.

31. The police stated that they wanted to come in the house.

32. Mr. Krzeminski initially denied them entry but let them in when they threatened to arrest him.

33. Mr. Krzeminski tried to tell the police what had occurred but the police cut him off and showed little or no interest in what he had to say.

34. The police then handcuffed him and took him outside.

35. Mr. Durmaj then attempted to speak to the police to explain what had happened as in indicated in paragraphs 34, above.

36. Instead of allowing him to speak, they arrested him for no reason at all, handcuffed him and forcibly placed him in a police car.

37. He remained in police custody for about a half an hour before being released.

38. The police then spoke to Ms. Doe and attempted to persuade her to accuse Mr. Krzeminski of assaulting her.

39. She refused to do this and never made any accusation of unlawful conduct against Mr. Krzeminski.

40. Ms. Doe also refused to sign any documents Mr. Krzeminski of any crimes or offenses.

41. Nevertheless, the police, specifically Officer Craig, falsely stated in a Domestic Incident Report dated March 22, 2014 that Mr. Krzeminski had choked her.

42. The defendants, acting in concert and jointly, did arrest Mr. Kreminski without probable cause, or any cause at all, and falsely and maliciously charged him with:

    a. Criminal Obstruction of Breathing or Blood Circulation (PL 121.11-A).

    b. Assault in the 3rd Degree (PL 120.00-1).

    c. Harassment in the 2nd degree (PL 240.26-1).

43. Specifically, the information signed by Officer Mondal, falsely alleged as follows: "The defendant ….. did apply pressure on the throat of [Jane Doe] ….. [and] did choke the complainant…..The defendant did cause physical injury to [Jane Doe] ….. substantial pain, swelling, bruising and scratches….."

44. On information and belief, all of the individual defendants acted in concert and approved of and supported the arrest and prosecution of Mr. Krzeminski.

45. On information and belief, all of the individual defendants acted in concert and approved of and supported the arrest and detention of Mr. Durmaj during the investigation.

46. The defendants took Mr. Krzeminski to central booking where he spent several extremely unpleasant hours in the lock-up, hemmed in with several other prisoners in a small room.

47. In the morning, he was arraigned in Buffalo City Court.

48. At arraignment, he was ordered to stay away from Ms. Doe, which effectively meant he was ordered out of his own home without proper cause.

49. The judge stated, "If you violate the order [of protection] your bail will be revoked and you would face additional charges."

50. The judge ordered bail of $5,000 cash or property "or release under supervision with an anger management referral and AOD."

51. He was taken to the Erie County Holding Center and strip-searched.

52. He was released about four hours later after bail of $5,000 cash was posted on his behalf.

53. He was directed to appear again in court on March 27, 2014.

54. Prior to that date, Ms. Doe was interviewed by the District Attorney's office and vehemently denied the charges.

55. On March 27, 2014, the case was placed on the "reserve calendar" due to the lack of any witnesses or evidence against the defendant.

56. The case was finally dismissed on the merits and with finality on June 22, 2014.

57. Because of the arrest and charges, the plaintiff's pistol permit was suspended and he spent over a year and much effort getting the permit reinstated.

58. While in police custody, the plaintiff was strip-searched.

59. At all times herein, THE CITY OF BUFFALO failed to properly train and supervise the individual defendants with respect to the plaintiffs' constitutional rights under the First, Fourth and Fourteenth Amendments.

60. On information and belief, Lieutenant Cyrek, the commanding officer on the scene, as of the date of the incident, had not received formal supervisor training from the CITY OF BUFFALO.

61. There is a custom and practice among the Buffalo Police to indiscriminately detain, arrest, handcuff witnesses or bystanders at alleged crime scenes and the CITY OF BUFFALO has failed to train or properly supervise officers in the constitutional rights of witnesses.

62. The CITY OF BUFFALO has also failed to provide adequate training to incoming officers or veteran officers in the constitutional rights of suspects and witnesses.

63. These failures have resulted in a large number of lawsuits, complaints, claims, verdicts and settlements in recent years against City of Buffalo police officers.

**V. LEGAL CLAIMS OF MICHAEL KRZEMINSKI AGAINST ALL DEFENDANTS.**

**FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH and FOURTEENTH AMENDMENTS, U.S. CONSTITUTION**

64. The individual defendants, acting jointly and severally, conspired to and did maliciously prosecute the plaintiff.

65. The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

66. The charges against the plaintiff were dismissed on the merits and with finality.

67. The Plaintiff, as the result of being prosecuted, was forced to post bail, was ordered to leave his home and subjected to other restrictions on his liberty due to a protective order; was forced to retain counsel and appear in court after arraignment and remained under the jurisdiction of the court for three months; and his pistol permit was suspended.

68. After arraignment, the plaintiff was detained in the Erie County Holding Center for about four hours and strip-searched.

69. He therefore suffered a post-arraignment deprivation of liberty.

70. The defendants' actions violated the Plaintiff's clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

71. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and personal security.

72. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

73. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

74. At all times relevant herein, the Defendants were acting under color of state law.

75. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983—FALSE ARREST—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION**

76. The individual defendants, acting jointly and severally, conspired to and did falsely arrest the plaintiff without probable cause.

77. The defendants intended to and did confine the plaintiff.

78. The plaintiff was at all times conscious of the confinement.

79. The plaintiff did not consent to the confinement.

80. Plaintiff was confined against his will by the defendants for about eight hours.

81. The Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

82. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

83. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

84. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

85. At all times relevant herein, the Defendants were acting under color of state law.

86. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983---FAILURE TO PREVENT UNCONSTITUTIONAL ACTS COMMITTED WITHIN THEIR PRESENCE--- FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION

87. The individual defendants, being police officers, failed to take reasonable steps to prevent their fellow officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so. *Anderson v. Branen,* 17 F3d 552 (2nd Cir. 1994).

88. The Defendants' actions violated the Plaintiff's clearly established right to be free from false arrest, assault, malicious prosecution, battery under the Fourth and Fourteenth Amendments.

89. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional rights.

90. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

91. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

92. At all times relevant herein, the Defendants were acting under color of state or federal law.

93. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, and incurred attorneys' fees and costs.

## FOURTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—ASSAULT—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION

94. The individual defendants, did assault the plaintiff by intentionally placing him in fear of imminent or offensive contact or by directing subordinates to do so.

95. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

96. The plaintiff at no time consented to this behavior nor was the behavior otherwise privileged.

97. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

98. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

99. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

100. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

101. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION UNDER 42 USC 1983—BATTERY-- FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION**

102. The individual defendants did batter the plaintiff by subjecting him to bodily contact or by directing subordinates to do so, all without his consent or lawful privilege.

103. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

104. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and security.

105. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

106. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

107. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

108. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

### VI. LEGAL CLAIMS OF DAVID DURMAJ AGAINST ALL DEFENDANTS.

### SIXTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—FALSE ARREST— FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION

109. The individual defendants, acting jointly and severally, conspired to and did falsely arrest the plaintiff without probable cause.

110. The defendants intended to and did confine the plaintiff.

111. The plaintiff was at all times conscious of the confinement.

112. The plaintiff did not consent to the confinement.

113. Plaintiff was confined against his will by the defendants for about thirty minutes.

114. The Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

115. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

116. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

117. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

118. At all times relevant herein, the Defendants were acting under color of state law.

119. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983---FAILURE TO PREVENT UNCONSTITUTIONAL ACTS COMMITTED WITHIN THEIR PRESENCE--- FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION**

120. The individual defendants, being police officers, failed to take reasonable steps to prevent their fellow officer from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so. *Anderson v. Branen,* 17 F3d 552 (2nd Cir. 1994).

121. The Defendants' actions violated the Plaintiff's clearly established right to be free from false arrest, assault, malicious prosecution, battery and the use of excess force under the Fourth and Fourteenth Amendments and violations of his First Amendment rights.

122. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional rights.

123. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth, Fifth and Fourteenth Amendment rights.

124. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

125. At all times relevant herein, the Defendants were acting under color of state or federal law.

126. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, and incurred attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983-VIOLATION OF THE RIGHT TO FREE SPEECH-FIRST AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION**

127. The individual defendants, acting jointly and severally, conspired to and did arrest and detain the plaintiff in retaliation for his attempt to exercise his right to free speech and to redress grievances.

128. The defendants' actions violated the Plaintiff' clearly established rights to free speech and the right to petition as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

129. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff' clearly established constitutional rights to free speech, political action and the right to petition.

130. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established First and Fourteenth Amendment rights.

131. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

132. At all times relevant herein, the Defendants were acting under color of state law.

133. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

### NINTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—ASSAULT—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSTITUTION

134. The individual defendants, did assault the plaintiff by intentionally placing him in fear of imminent or offensive contact or by directing subordinates to do so.

135. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

136. The plaintiff at no time consented to this behavior nor was the behavior otherwise privileged.

137. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

138. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

139. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

140. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

141. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## TENTH CAUSE OF ACTION UNDER 42 USC 1983—BATTERY-- FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION

142. The individual defendants did batter the plaintiff by subjecting him to bodily contact or by directing subordinates to do so, all without his consent or lawful privilege.

143. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

144. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and security.

145. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff' clearly established Fourth and Fourteenth Amendment rights.

146. At all times herein, the CITY OF BUFFALO failed to train or properly supervise the individual defendants, resulting in the behavior complained of above.

147. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

148. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## VI. DAMAGES

149. On account of the Defendants' actions and violations of their rights as set forth above, the Plaintiffs suffered actual damages, including loss of liberty, physical injury, pain, suffering, humiliation and emotional distress, and Mr. Krzeminski was strip-searched twice, deprived of medical care and insulin and was forced to expend funds for attorneys' fees and related expenses in defense of the criminal charges against him.

150. Plaintiffs are entitled to recover damages, attorney's fees (in this action and for the criminal prosecution), costs, and punitive damages.

151. Plaintiffs demand prejudgment interest on all elements of out-of-pocket loss including attorneys' fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs requests that this Court:

1. Assume jurisdiction of this action;

2. Enter judgment against the Defendants and in favor of the Plaintiffs;

3. Award the Plaintiff MICHAEL KRZEMINSKI compensatory damages of $250,000, including prejudgment interest on any out-of-pocket damages and impose punitive damages of $75,000 against each individual defendant;

4. Award the Plaintiff DAVID DURMAJ compensatory damages of $75,000, including prejudgment interest on any out-of-pocket damages and impose punitive damages of $25,000 against each individual defendant;

5. Award Plaintiffs all costs and disbursements incurred in the prosecution of this action, including reasonable attorneys' fees under 42 U.S.C. §1988; and

  6. Enter such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
    March 20, 2017   s/James Ostrowski
              JAMES OSTROWSKI
              Attorney for Plaintiffs
              MICHAEL KRZEMINSKI and
              DAVID DURMAJ
              63 Newport Ave.
              Buffalo, New York 14216
              (716) 435-8918
              jameso@apollo3.com