UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL KRZEMINSKI and DAVID DURMAJ,

        Plaintiffs,

v.

THE CITY OF BUFFALO, et al.,

        Defendants.

17-CV-245
DECISION AND ORDER

---

On March 20, 2017, the plaintiffs, Michael Krzeminski and David Durmaj, commenced this action under 42 U.S.C. § 1983. Docket Item 1. On June 21, 2017, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10.

On August 13, 2018, the defendants moved to dismiss, for judgment on the pleadings, and/or for summary judgment, Docket Item 23; on September 24, 2018, the plaintiffs responded, Docket Item 28; and on October 4, 2018, the defendants replied, Docket Item 29. On December 10, 2018, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted in part and denied in part. Docket Item 30. Specifically, Judge McCarthy recommended granting the defendants' motion "to the extent that it seeks dismissal of the City of Buffalo, [the] plaintiffs' official capacity claims, and the assault and battery causes of action, but otherwise" denying it. *Id.* at 13.

On December 24, 2018, the defendants objected to the R&R's recommendation to deny their motion in part. Docket Item 31. On March 1, 2019, the plaintiffs

responded to the objection, Docket Item 37, and on March 8, 2019, the defendants replied, Docket Item 39.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the materials submitted by the parties. Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to grant in part and deny in part the defendants' motion.

Because the parties submitted affidavits and relied on materials outside the pleadings, Judge McCarthy correctly treated the defendants' motion as one for summary judgment. Docket Item 30 at 4-5; *see* Fed. R. Civ. P. 12(d) ("[I]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, "a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). "[I]f there is any

evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment is not appropriate. *Id.*

The defendants' objections ignore the Court's obligation to view the evidence in the light most favorable to the plaintiffs and draw all inferences in their favor. For example, the defendants argue that "probable cause, or at a minimum arguable probable cause, existed [for plaintiff Krzeminski's arrest] based upon the facts known to the defendant officers who responded to investigate the 911 hang-up call, [and] found [Krzeminski's girlfriend, Kelly York,] in distress and with visible marks and redness to her neck and face." Docket Item 31 at 5. But the plaintiffs submitted an affidavit in which York stated that "[t]he police arrived and tried to convince me to accuse Mr. Krzeminski of assaulting or choking me . . . . I refused to do so and in fact, he did not assault me, strike me, hit me or choke me or threaten to do any of these things." Docket Item 30 at 3. Crediting this affidavit—as the Court must[1]—there are triable issues of fact as to whether the officers had probable cause to arrest plaintiff Krzeminski.

Similarly, whether the defendants falsely arrested plaintiff Durmaj depends on the credibility of Durmaj's testimony that he was not, as the defendants claimed, interfering with the investigation. *See* Docket Item 30 at 10. Whether the plaintiffs will ultimately be able to convince a jury of their version of the events is a question for another day.

---

[1] The defendants argue that the Court should disregard York's affidavit because "[a] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Docket Item 31 at 5 (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)). As the plaintiffs observe, however, York was never deposed. Docket Item 37 at 1. Thus, this principle does not apply to her affidavit.

3

The defendants also argue that Judge McCarthy should have initially evaluated plaintiff Durmaj's First Amendment claim under the Rule 12 standard for dismissal because "the Defendants did not rely on [any] extrinsic material" for this claim. Docket Item 31 at 8. "Had the R&R properly applied Rule 12 analysis," the defendants submit, "Durmaj's First Amendment claim would have not survived." *Id.* at 9. This Court disagrees. The complaint states that Durmaj "attempted to speak to the police to explain what had happened," but "[i]nstead of allowing him to speak, they arrested him for no reason at all, handcuffed him and forcibly placed him in a police car." Docket Item 1 ¶¶ 35-36. These facts adequately support a claim that Durmaj's speech was "completely frustrated for the period of his arrest" in violation of the First Amendment. *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 427 (S.D.N.Y. 2013). And crediting Durmaj's affidavit, this claim also survives summary judgment, as Judge McCarthy correctly found.[2]

For the reasons stated above and in the R&R, the defendants' motion for summary judgment, Docket Item 23, is GRANTED IN PART AND DENIED IN PART. The plaintiffs' claims against the City of Buffalo, against the individual defendants in their official capacities, and for assault and battery are dismissed.[3] The case is referred

---

[2] The defendants' objection to Judge McCarthy's recommendation on the plaintiffs' failure to intervene claims rises and falls with their other objections. *See* Docket Item 31 at 11 ("Because there is no Constitutional violation, the Defendants respectfully submit that there was no reason for any of the defendant officers to intervene.").

[3] The plaintiffs did not object to these recommendations, and this decision therefore does not address them. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made.*" (emphasis added)). Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to

4

back to Judge McCarthy for further proceedings consistent with the referral order of June 21, 2017, Docket Item 10.

    SO ORDERED.


Dated:    November 13, 2019
            Buffalo, New York


                                      *s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE

---

review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).